# NANNIE R. JACKSON

## *vs.*

# THE DAVEY TREE EXPERT CO.

*Contracts: extra work; compensation; evidence.*

Where the amount of compensation is not specified in an oral contract for work that is similar to that done under a previous written contract between the same parties, wherein the compensation was specified, it may be presumed that the work was to be paid for at the same rate as the original work of the same nature.                                          p. 236

But when the extra work done outside of the original contract was not similar or of the same nature, it is error to apply the written contract price for the work; and whether such work was different as a matter of fact is a question for the jury.
pp. 236-237

Evidence as to the wages paid by the plaintiff is inadmissible, as it does not legally tend to prove the value of such work.
p. 237

*Decided March 7th, 1919.*

Appeal from the Circuit Court for Wicomico County.
(PATTISON, C. J., BAILEY and DUER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE. BURKE, THOMAS, URNER and CONSTABLE, JJ.

*Harry N. Baetjer* and *Hooper S. Miles* (with a brief by *Venable, Baetjer & Howard*), for the appellant.

*Thomas H. Lewis, Jr.,* and *William A. Schnader,* for the appellee.

BURKE, J., delivered the opinion of the Court.

The parties to this appeal entered into the following contract:

"Memorandum.

"Date Oct. 8th, 1915.

"City Salisbury, Md.

"The Davey Tree Expert Co., Inc.,
   "of Kent, Ohio.
"Gentlemen:

"Will you please send your experts to treat my trees. I understand that your charges are 90c. per hour for each man furnished on the job plus the cost of material. I understand that payment is to be made direct to your main office within ten days after receipt of invoice. *I reserve the right to stop the work at my discretion.*

"No straight contracts are permitted under any circumstances and no estimate which may be furnished by any representative of the Davey Tree Expert Company may be considered more than approximate and are never binding upon the company.

"Signed, Nannie R. Jackson.

"Address, Salisbury, Md.

"Approved by A. W. Vick, Representative.
"Accepted for the Davey Tree Expert Co.,
   "By————————————————

"General Manager, Kent, Ohio.

"Remarks—Work on trees important except those too far gone to be saved.
"Work not to exceed $500.
"Work on 73 Oaks, 17 Hickories.
"Complete in ten days: 60031.

"Nannie R. Jackson."

The appellee presented the appellant a bill of $2,411.87 for work done and material furnished in the treatment of trees, vines and shrubbery of the appellant. The claim was for 2454 hours work at 90 cents per hour and $203.27 for material furnished. Mrs. Jackson refused to pay the bill and the appellee sued her in the Circuit Court for Wicomico County, and recovered a judgment for the full amount of the claim. This appeal was taken from that judgment.

The declaration contained four counts. The first count set out the agreement and alleged:

> "That the said plaintiff worked on the aforesaid trees mentioned in the agreement to the amount of five hundred dollars and in all other respects complied with the conditions of the said contract by it to be performed and furnished, in connection with the said work, materials at a cost of $203.22, and that, although frequently requested by the plaintiff so to do the defendant fails and refuses to pay to the said plaintiff the sum of five hundred dollars plus the cost of the materials furnished or any part thereof."

The second count, after setting forth the agreement, alleged:

> "That the said plaintiff commenced work on the trees mentioned in the aforesaid contract; and that the defendant finding that all the trees mentioned in the said contract could not be completely treated by the expenditure of work to the amount of $500, and desiring that all the said trees should be completely treated and that certain other trees not mentioned in the said contract should be completely treated, requested and instructed this plaintiff to treat completely the trees mentioned in the said contract and certain other trees in the orchard of the defendant and a certain tree located on the grounds of the Y. M. C. A.; and that the said plaintiff consented and agreed to treat such trees as the defendant might designate at and for the price per hour stipulated in the aforesaid contract; and that the plaintiff did completely treat the trees designated by the said defendant, and in so doing ex-

pended 2,454 hours' work and furnished materials at a
cost of $203.22, and in all other respects performed
the conditions imposed upon it by the said agreement;
and that the said defendant though frequently request-
ed by the said plaintiff so to do, has failed and refused
to pay for the work done and materials furnished as by
her contract she was bound to do."

The third count alleged:

"That the said plaintiff and defendant on or about
the 15th day of October, 1915, entered into an agree-
ment whereby the plaintiff undertook and promised to
have its experts treat certain trees to be designated
by the said defendant, and the said defendant agreed
and undertook to pay for the work done at the rate of
90c. per hour for each man furnished on the job and
in addition thereto the cost of any and all materials
furnished as a part of the said work; and that the said
plaintiff designated certain trees as those which she
wished work to be done on, to wit, 73 Oaks, 17 Hick-
ories, forty fruit trees in the defendant's orchard, and
one Sycamore on the Y. M. C. A. lot; and that the
said plaintiff treated by its experts the trees so desig-
nated as aforesaid, and thereabout furnished and ex-
pended 2,454 hours' work and materials costing
$203.22, and in every respect performed the duties
imposed upon it by the said contract; and that the
said plaintiff has requested the said defendant to pay
for the work and materials as she was bound by her
contract aforesaid to do, but that the said defendant
fails and refuses to do so."

The fourth count was for money payable by the defend-
ant to the plaintiff for work done and material furnished
by the plaintiff to the defendant at her request.

By the terms of the contract Mrs. Jackson's liability for
the work to be done thereunder was limited to the sum of
$500, but it was competent for her to waive this limitation
and request or direct that work in excess of that sum be done

upon the trees contemplated by the contract. This she is alleged by the second count of the declaration to have done.

The testimony of John Wahl, Jr., the plaintiff's foreman on the work, tends to support that allegation. He testified that at the end of the first week it became apparent to him that the work would "exceed $500 which Mrs. Jackson had appropriated." He said: "I explained to her that the trees in the first group alone, which comprised about 15 or 20 trees, would exceed the $500 which she had set aside at this time. I would have finished the work then in progress and not exceeded the original appropriation of $500. After explaining this to Mrs. Jackson I asked her if I should finish this block of trees and stop the work or go ahead with the other trees. She said finish this block and when you are done with them I will speak to you about the other trees, so when this first block was about completed I spoke to her about another group of trees across the road and near the front entrance. I selected probably a dozen or more trees, then she said do them. When those were done she gave me another group of trees which we did."

There is also evidence in the record tending to support the allegation contained in the second count that a new or additional contract was entered into between the parties for work not covered by or included in the contract of October 8, 1915, incorporated in the declaration. This new contract provided, according to the testimony of Mr. John Wahl, Jr., for taking care of several small trees in the cemetery and one large sycamore in the Y. M. C. A. grounds; for trimming a number of apple trees, a row of grape vines, some large rose bushes, and some lombardy poplars. Mrs. Jackson testified that the additional work was the trimming of some fruit trees in the orchard and some shrubbery; also some work on the cemetery lot and the care of the sycamore trees mentioned by Mr. Wahl. What constitutes the treatment of trees within the meaning of the original contract is fully explained in the testimony of Mr. Wahl and of Albert W. Vick, the

Philadelphia manager of the appellee company. Their evidence tends to show that it was a work different in kind and character from that done under the additional contract, except possibly the work done on the large sycamore tree spoken of. The jury might well have found that the trimming of apple trees, rose bushes, grape vines and shrubbery was dissimilar work to that provided for in the original contract.

The facts referred to are sufficient to enable us to dispose of the legal questions presented by the record. At the conclusion of the case the Court granted one prayer on behalf of the plaintiff. It was as follows: "If the jury shall find from the evidence in this case that the defendant, Mrs. Nannie R. Jackson, signed the written memorandum mentioned in the evidence and that the plaintiff, acting thereunder commenced the work on the trees of the defendant mentioned in the evidence, and that 2,454 hours work was done and materials of value of $203.22 furnished, and that Mrs. Jackson knew that the amount that she had stipulated in said contract, to wit, $500.00, had been consumed in the work under the contract and knowing that the said sum had been so consumed, thereafter consented to a continuance of the work, then your verdict must be for the plaintiff for the amount which you shall find to be due the plaintiff from the defendant calculated upon the basis of a charge of 90 cents per hour for work done plus the cost of materials furnished together with interest thereon in your discretion."

By this instruction the Court disregarded the question as to whether the work done under the additional contract was similar, or of a different kind and character from that provided for in the original contract, and directed the jury, if they should find for the plaintiff, to allow 90 cents per hour for work done plus the cost of material furnished. Or stated differently, the Court instructed the jury that if they found the facts stated in the prayer, the measure of recovery was the price per hour fixed by the original contract plus the cost of material, irrespective of the kind or class of work done under the new contract. In granting this prayer the Court

fell into an error, which probably resulted in substantial injury to the defendant.

It is conceded that, as to such work done under the original contract not in excess of $500.00 Mrs. Jackson was chargeable at the price therein specified. And there can be no question that as to work of the character provided for by the contract, in excess of $500.00 which she requested the plaintiff to do, or consented that it should do, she would be chargeable at the contract price. But as to extra or additional work outside the contract, not of a similar character, which she requested, or authorized the plaintiff to do, the amount of recovery,—no price being agreed upon,—must be limited to the reasonable worth of the work done. This is the rule stated 4 *Elliott on Contracts,* sec. 3746, and 6 R. C. L. sec. 293, p. 907, where it is said: "Where the amount of compensation is not specified in an oral contract for work similar to that done under a previous written contract between the same parties wherein the compensation was specified, it may fairly be presumed that it would be paid for at the rate of the original work of the same nature." This is in accord with the rule which prevails in this State. I *Poe on Pl.,* sec. 103; *Harrison* v. *McLaughlin Bros.,* 108 Md. 427; *A. & B. R. R. Co.* v. *Ross,* 68 Md. 310. But when the extra work done outside of the original contract was not similar or of the same nature, as the jury upon the evidence might reasonably have found, it was error to have applied the written contract price to this work.

We find no error in the refusal of the defendant's prayers. The second, third and fourth prayers sought to limit the recovery to $500.00 for work done and material furnished under the contract. In view of the testimony of John Wahl, Jr., to the effect that Mrs. Jackson authorized him to do work under the original contract in excess of $500.00, those prayers should not have been granted. The defendant's second prayer in legal effect asked the Court to decide as a matter of law that the extra work was not of the same nature as

that provided for in the contract. That question should have been left to the finding of the jury.

During the trial the defendant reserved two exceptions to rulings on evidence. The first exception was taken to the refusal of the Court to permit Wahl, the plaintiff's foreman, to answer the following question: "If a man did not work a full nine hour day, then on what basis per hour was he paid?" We do not find any error in this ruling. The itemized account of the hours of work was filed with the declaration, and testified by Wahl to be correct, and the charge was at the rate of 90 cents per hour as provided by the contract. There was no error in the ruling embraced in the second exception. In this the defendant sought to show the rate of wages paid to the men on the work. As to the work done under the original contract, the parties had agreed upon the price to be paid, and, therefore, as to that work it was immaterial what wages the plaintiff paid its men. As to the extra work outside the contract, which the jury may have found to have been of a different kind and nature, the testimony proposed did not legally tend to prove the reasonable worth of doing such work. That could have been done by calling qualified witnesses to testify as to the reasonable charge of doing that work. It results from the views we have expressed that the judgment must be reversed.

*Judgment reversed with costs, and a new trial awarded.*