**ROBERT F. SIMMONS & ASSOCIATES,
Etc., Appellants,**

v.

**URBAN RENEWAL & COMMUNITY DE-
VELOPMENT AGENCY OF LOUIS-
VILLE et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1973.

Brian D. Schaefer, Eubanks, Gardner & Schaefer, Louisville, for appellants.

Michael Hargadon, Louisville, for appellees.

OSBORNE, Justice.

The appellants, Robert F. Simmons and Associates, entered into a contract with Urban Renewal and Community Development Agency of Louisville on April 25, 1965 for the purchase of 126,000 feet of land located between Sixth and Seventh Streets on the north side of Chestnut in downtown Louisville. Appellants put up $23,423.00 under the terms of the contract as good-faith money. This payment was retained by Urban Renewal. Appellants then instituted these proceedings to recover the payment. The trial court submitted the case to the jury which found for the appellees, Urban Renewal. Judgment was entered for the appellees from which appeal was taken to this Court. We are of the opinion the judgment will have to be affirmed.

Section 3 of the contract provides that the developer shall make the deposit of $23,423.00 which shall be retained by the agency as liquidated damages unless the developer establishes that it should be returned under Section 703 of the contract

Section 703 of the contract provides that the agency shall retain the deposit as liquidated damages and that neither party shall have any further rights under the agreement in the event the developer does not submit construction plans as required by the agreement or in the event the developer does not submit evidence that it has necessary equity and capital and mortgage financing by the dates provided in the agreement.

The contract in this case was terminated by the agency because the developer failed to demonstrate that it had the necessary capital and mortgage financing to satisfactorily complete the project. It is insisted upon this appeal, by the developer, that proper notice of an intent to terminate the contract was not given by the agency. We have examined the evidence and are of the opinion that it conclusively shows that the agency substantially complied with the terms of the contract relating to notice.

A second contention made by the developer is that the trial court committed error in its instructions to the jury. We do not believe this to be prejudicial. After examining the record we are convinced that the trial court should have directed a verdict for the agency as there were no real issues to be submitted to the jury. The provisions of the contract relative to the retention of the deposit are clear. True there is a dispute as to whether proper notice was given, but we do not believe that reasonable men could differ upon this point.

Appellants' third contention is that the agency should not be permitted to keep the deposit as it is in the form of a forfeiture and forfeitures are not favored by the law. It is true that where parties agree to pay a stipulated sum as liquidated damages for breach under a contract the agreement is not necessarily determinative of the question of damages, but rule is that the agreement will be enforced where the damages are uncertain or difficult of reasonable ascertainment and the amount agreed upon is not greatly disproportionate to the actual injury. See Smith v. Ward, Ky., 256 S.W.2d 385 (1953), and cases cited therein.

Here, the value of the land tied up under the contract was $475,000.00. The agency extended the time for submitting financing plans on eight separate occasions. The total time allowed was 641 days from the date of the contract. While it is true that the value of the land increased during this period of time, it is readily apparent that the injury to the agency in keeping this project tied up for this period of time could reasonably be expected to far exceed the amount of the deposit. In any event the deposit is only 5% of the purchase price, an amount which we believe to be reasonable.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.