484 So.2d 40 (1986)
FOREST CONSTRUCTION, INC., Appellant,
v.
FARRELL-CHEEK STEEL COMPANY, FLORIDA DIVERSIFIED PROPERTIES DIVISION, Appellee.
No. 85-848.
District Court of Appeal of Florida, Second District.
February 5, 1986.
Rehearing Denied March 5, 1986.
*41 Henry P. Trawick, Jr. of Trawick, Griffis & Hammersley, P.A., Sarasota, for appellant.
Daryl J. Brown and David E. Gurley of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellee.
SCHOONOVER, Judge.
Appellant, Forest Construction, Inc., appeals from a final judgment recovered in an action against appellee, Farrell-Cheek Steel Company, Florida Diversified Properties Division. We affirm in part and reverse in part.
The parties entered into a written agreement for the preparation, construction, and landscaping of a parking lot. The contract, a time-and-materials contract, required the appellant-contractor to furnish certain materials for which it would be compensated according to unit prices specified in the contract. Among other things, the contractor was to furnish one ton of miscellaneous asphalt for $180. It appears the parties contemplated that this asphalt would be hand-applied. The contract required the owner to order, in writing, changes in the work, or extras not provided for in the contract, with the amount and method of compensation to be determined at the time of ordering.
After performance of the contract began, the parties determined that additional asphalt should be applied to level severe depressions, remove high spots, and ensure proper drainage throughout the parking lot. This asphalt was machine, as opposed to hand, applied. After 130 tons of this asphalt was delivered and applied, a written change order was executed. The change order provided that the appellee-owner would pay $180 per ton for the 130 tons of leveling asphalt. The owner then ordered additional leveling asphalt, and the contractor delivered and applied 381.15 tons. The owner subsequently objected to the price set forth in the first change order because it did not believe it should pay the same price for machine-applied and hand-applied asphalt. It refused to either pay for or execute another change order for the additional 381.15 tons of asphalt at the rate of $180 per ton.
Subsequent disputes between the parties led to litigation. The contractor initially filed a claim of lien and subsequently filed a three-count complaint against the owner. The first count was an action to foreclose a lien, the second for breach of contract, and the third for compensation for work that had been completed, and labor, services, and materials that had been furnished. The owner filed an answer and counterclaimed *42 for breach of contract and for filing a fraudulent lien. Several subcontractors were joined in the action.
At the conclusion of a nonjury trial, the trial court found that the contractor's claim of lien in the amount of $325,322.64 had been wilfully exaggerated and that $218,240.37 of its claim had, in fact, not been due at the time the claim of lien had been filed. The court further found that the contractor had the right to recover $180 per ton for the first delivery of 130 tons of leveling asphalt, but only a reasonable amount for the subsequent delivery of 381.15 tons. The court, accordingly, reduced the contractor's claim by $35,732.81. After making other deductions, a final judgment was entered for the contractor in the amount of $107,082.27, and on the basis of the fraudulent lien, attorney fees in the amount of $22,000 were awarded to the owner. Judgments were also entered in connection with certain subcontractors' claims. This timely appeal by the contractor followed.
We find no merit in the contractor's contention that the trial court erred in not awarding prejudgment interest or that the court erred in the amount of attorney's fees awarded to the owner. We agree, however, that the court erred in reducing the amount of the final judgment for the second delivery of 381.15 tons of leveling asphalt.
We note that the owner was properly found to be responsible for payment of the additional asphalt even though a written change order had not been executed by the parties. Although the contract provided that any changes or extras should be agreed to and in writing, this requirement was waived by the parties. See Broderick v. Overhead Door Co. of Fort Lauderdale, Inc., 117 So.2d 240 (Fla. 2d DCA 1959); Pan American Engineering Co., Inc. v. Poncho's Construction Co., 387 So.2d 1052 (Fla. 5th DCA 1980). Indeed, the owner does not dispute its liability for the second delivery of asphalt; it only disputes the amount it must pay. Although, as appellant has argued, the initial contract set the price for one ton of miscellaneous asphalt at $180, there was testimony that the parties contemplated this asphalt to be hand-applied. Consequently, were it not for the change order subsequently executed, there would have been sufficient competent evidence for the trial court to find that $180 was not the proper unit price for machine-applied leveling asphalt and to order that a reasonable amount be paid to the contractor.
Generally, the law implies an obligation to pay a reasonable cost for the extras not provided for in a contract, and the price of extras should be computed at a reasonable rate, unless the price is otherwise agreed upon. See DeLotto v. Fennell, 56 So.2d 518 (Fla. 1952); Broderick. In this case, a written change order provided that the owner agreed to pay the sum of $180 per ton for 130 tons of leveling asphalt. Because the subsequent 381.15 tons delivered was of the same nature and character as provided for in the first change order, that work became chargeable at the same rate. Fitzgerald v. Walsh, 107 Wis. 92, 82 N.W. 717 (1900); Jackson v. Davey Tree Expert Co., 134 Md. 230, 106 A. 571 (1918). It is where the extra work is done outside the original contract and is not similar or of the same nature as that for which a price has been established, that the work or materials would be paid for according to their reasonable value. Jackson; Fitzgerald. If the entire 511.15 tons of leveling asphalt had been furnished to the owner without a written change order establishing a price, the trial court would have been correct in awarding the contractor a reasonable amount for the asphalt. Such was not the case here, however.
We, accordingly, reverse and remand with instructions to enter an amended judgment adding $35,732.81 to the original judgment. We affirm in all other respects.
Reversed and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.