**WEHR CONSTRUCTORS, INC. and Safeco Insurance Company of America, Appellants,**

v.

**STEEL FABRICATORS, INC., Appellee.**

**J & D STEEL COMPANY, INC.; Vulcraft, A Division of Nucor Corporation, Appellants,**

v.

**WARREN PUBLIC JUDICIARY CORPORATION; Wehr Constructors, Inc.; Steel Fabricators, Inc.; and Safeco Insurance Company of America, Appellees.**

Nos. 87–CA–2590–MR, 87–CA–2708–MR.

Court of Appeals of Kentucky.

Dec. 22, 1988.

Discretionary Review Denied
by Supreme Court
May 31, 1989.

Charles L. Lamar, John T. Lovett, Owensboro, Karl N. Crandall, Bowling Green, for Steel Fabricators, Inc.

James D. Harris, Jr., Bowling Green, for J & D Steel Co., Inc. and/or Vulcraft.

Michael E. Caudill, Warren County Atty., Bowling Green, for Warren Public Judiciary Corp.

Frank Hampton Moore, Jr., Elizabeth Y. Downing, Bowling Green, William H. Brammell, New Castle, for Wehr Constructors Co. and Safeco Ins. Co.

Before HOWERTON, C.J., DUNN, Special Judge, and HAYES, J.

HAYES, Judge:

This is a case involving a construction contract in which two separate but related appeals have been filed. Wehr Constructors, Inc. and Safeco Insurance Company of America (Wehr) appeal from a judgment entered October 19, 1987 in Warren Circuit

Court, pursuant to a jury verdict, awarding Steel Fabricators, Inc. (Steel Fab) damages for Wehr's breach of contract. J & D Steel Company and Vulcraft, a division of Nucor Corporation, also appeal from the judgment insofar as it dismisses their claim against Wehr.

This action was commenced July 11, 1986 by J & D and Vulcraft, and arises out of the construction of the Warren County Justice Center in Bowling Green, Kentucky. Wehr was the general contractor under an agreement entered in November, 1985, with the Warren Public Judiciary Corporation (WPJC). Steel Fab was the subcontractor pursuant to a contract with Wehr. Steel Fab, in turn, contracted with J & D and Vulcraft, requiring them to supply certain steel products. By its agreement, Steel Fab agreed to furnish to Wehr all labor, material, tools and equipment necessary to furnish and install

All structural steel and misc. iron per Section 5A; All steel joists per Section 5B; All Steel deck per Section 5C; All stairs items to be supplied by Steel Fabricators, Inc., and erected by others: aluminum handrails not on stairs, loose lintels, angles and exterior wall louvers. All work complete per plans, specifications including 5% Kentucky Sales Tax. All shop drawings are required by December 16, 1985. Shop drawings must be hand carried to Architect for review and approval.

Erection must begin by February 1, 1986.

Erection must be complete by March 1, 1986.

Your contract must be completed by March 30, 1986, or Liquidated damages of $150 per day will be assessed.

Monthly estimates are due in this office by the 20th of each month.

In addition, the contract contained a provision prohibiting modifications or additions unless accepted by Wehr in writing, and another provision prohibiting extra work except upon Wehr's written authority. Despite this provision, Steel Fab alleged, and the jury found, that at Wehr's oral request Steel Fab performed additional work or "extras." As a result, the jury awarded Steel Fab $22,263.30 as the reasonable value of those extra services. The jury also found that Steel Fab had failed to timely complete its portion of the project as required by the contract but that Wehr had sustained no damages as a result. Finally, the jury found that although the material supplied by J & D failed to conform to plans and specifications of the Justice Center, they awarded no damages to Steel Fab, finding that Steel Fab incurred no cost in remedying the defects.

Wehr raises three arguments on appeal. First it is maintained that the jury should have been instructed that they must find that the "extra" work was evidenced by a written agreement pursuant to the contract in order for Steel Fab to have an enforceable claim. Wehr cites a number of cases in support of its position. In *Duo County Tel. Coop. Corp. v. Reese*, Ky., 379 S.W.2d 483 (1964), the Court disallowed payment to a builder of an office building for "extras" not provided for in a written agreement. The Court, however, specifically held that payment would be denied "unless the circumstances attending the doing of the work were such as to raise a clear implication that at the time the work was done Reese expected to be paid, and the co-op expected to pay, for the 'extras'." *Smith v. Ferguson*, Ky., 295 S.W.2d 792 (1956), also involved a contract requiring prior approval before additional work could be performed on the construction of a house. The Court held against the contractor, but only because no approval of any kind had been obtained.

The general rule with respect to a clause requiring written approval of "extra" work is that while it is valid and binding upon the parties, the provision may be excused where there has been a modification, waiver, or abrogation thereof, written or oral, or where the general contractor is estopped to rely upon it. *Illinois Cent. R. Co. v. Manion*, 113 Ky. 7, 67 S.W. 40 (1902). *Universal Bldrs. v. Moon Motor Lodge, Inc.*, 430 Pa. 550, 244 A.2d 10 (1968). *Escott & Son v. White*, 73 Ky. (10 Bush) 169 (1873). *Pittsburgh Filter Mfg.*

*Co. v. Smith,* 176 Ky. 554, 196 S.W. 150 (1917). The parties, by their course of dealing, may also abrogate such clause requiring written approval. *Willey v. Terry & Wright of Kentucky, Inc.,* Ky., 421 S.W. 2d 362 (1967). "Under such contracts the courts have held the owner liable for alterations or extras made without his written order, where he orally agreed to or acquiesced in them." 421 S.W.2d at 363. *See Also* Annot. 2 ALR 3d 620 (1965). The amount of the recovery is limited to the reasonable value thereof. *Jackson v. Davey Tree Expert Co.* 134 Md. 230, 106 A. 571 (1919). Wehr was therefore not entitled to a jury instruction that the alteration was required to be in writing.

■ Without citing a single supporting authority, Wehr also attempts to insert the requirements of the Uniform Commercial Code, specifically KRS 355.2–209, which provides in pertinent part that "[a] signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded...." We cannot discern how the provisions of the code apply to this case. The Uniform Commercial Code applies to transactions in goods. KRS 355.2–102. "Goods" are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (article 8) and things in action." KRS 355.2–105. The contract, clearly, was a construction contract calling for not only the necessary materials and equipment but for the labor required in the construction of the Justice Center. Even if goods were involved, whether or not Article II of the Code applies is determined by analyzing whether the predominant factor and purpose of the contract is the rendition of service, with goods incidentally involved, or whether the contract is for the sale of goods with labor incidentally involved. *Allied Industrial Service Corp. v. Kasle Iron & Metals, Inc.,* 62 Ohio App.2d 144, 405 N.E.2d 307 (1977). Goods incorporated into a real estate construction contract are not goods. *Epstein v. Giannattasio,* 25 Conn.Supp. 109, 197 A.2d 342 (1963). *Eliz-abeth Gamble Deaconess Home Assoc. v. Turner Construction Co.,* 14 Ohio App.3d 281, 470 N.E.2d 950 (1984).

■ Next Wehr argues that, assuming the jury was properly instructed, the evidence was not sufficient to support the verdict. Under Kentucky law, evidence of modification of a written contract must be clear and convincing. *Thaler v. ICI United States, Inc.,* 476 F.Supp. 67 (W.D.Ky. 1979). *Dalton v. Mullins,* Ky., 293 S.W.2d 470 (1956). This does not mean that it must be established beyond a reasonable doubt, but that the evidence must not be vague, ambiguous, or contradictory, and must come from a credible source. It does not have to be undisputed or uncontradicted. *Glass v. Bryant,* 302 Ky. 236, 194 S.W.2d 390 (1946).

■ In this case there was testimony from Stuart Leithliter, president, treasurer, and project engineer for Steel Fab, that he requested and obtained an order from Wehr's project manager, William Wuorenmao. Together they gave this information to one of Wehr's secretaries. Wehr denied that the conversations took place at all, but did not produce either Wuorenmao or the staff employee at the trial.

■ Wehr's final argument is that it was entitled to damages under the parties' liquidated damages clause regardless of whether actual damages were sustained. When J & D and Vulcraft filed suit against the WPJC, Wehr, and Steel Fab for unpaid amounts due under J & D's contract with Steel Fab, Wehr filed a cross-claim against Steel Fab for its failure to timely provide shop drawings, complete erection of the steel, and otherwise fulfill its contractual obligations within the time allotted in the contract. Wehr sought damages of $150 per day pursuant to the liquidated damages clause. We disagree that Wehr was entitled to recover under the contract. Under settled Kentucky law, if no actual damages are sustained, a clause liquidating damages will not be enforced. *Fidelity & Deposit Co. v. Jones,* 256 Ky. 181, 75 S.W.2d 1057 (1934). Stated differently, two restrictions are attached to these provisions. They

should be used only (1) where the actual damages sustained would be very difficult to ascertain, and (2) where, after the breach occurs, it appears that the amount fixed as liquidated damages is not grossly disproportionate to the damages actually sustained. *Mattingly Bridge v. Holloway & Son Const. Co.,* Ky., 694 S.W.2d 702 (1985). *Robert F. Simmons & Assoc. v. Urban Renewal & Comm. Devp. Agency of Louisville,* 497 S.W.2d 705 (1973). This second requirement presupposes that some actual damage has occurred. In the case before us the jury found that a delay occurred, but also that Wehr sustained no loss. Wehr does not argue with that finding. The jury was properly instructed.

In the appeal taken by J & D Steel Company and Vulcraft, (J & D), four related arguments are raised. Initially, it is maintained that the trial court erred in granting Wehr a directed verdict on J & D's claim for the cost of furnishing steel materials. In February, 1986, J & D furnished the last of the supplies and materials to Steel Fab. They have since been incorporated into the building as constructed. Because they had not been duly compensated by Steel Fab, J & D and Vulcraft filed this action, against the Warren Public Judiciary Corporation (WPJC), Wehr, and Steel Fab, demanding individual judgments against the defendants and those based on a materialman's lien filed in June, 1986. The amount alleged as owing to J & D was $12,921.30 and the amount alleged due Vulcraft was $28,350.00.

Wehr and WPJC denied the existence of a properly filed lien on the public project in accordance with KRS 376.210, KRS 376.230 and KRS 376.240. J & D, Vulcraft and Wehr sought entry of summary judgment and on September 30, 1986, the trial court granted Wehr's motion, based on the fact that J & D and Vulcraft had not filed their lien on the public project within 30 days of the last day of the month within which the materials were furnished, as required by KRS 376.230(1). J & D and Vulcraft initially argue that regardless of whether a lien was timely filed, KRS 376.070 guarantees them payment by Wehr:

(1) Any contractor, architect or other person who builds, repairs or improves the property of another under such circumstances that a mechanics' or materialman's lien may be imposed on the property shall, from the proceeds of any payment received from the owner, pay in full all persons who have furnished material or performed labor on the property.

(2) If any payment by the owner to the contractor, architect or other person is not sufficient to pay in full all bills for material and labor, then such claims shall be paid on a pro rata basis to the amount of payments received, unless otherwise agreed between the contractor, architect or other person and the holder of the claim for material or labor.

(3) This section shall not apply where persons furnishing material or performing labor have waived in writing their right to file mechanics' or materialmen's liens. (2467B–1 to 2467b–3.)

This statute is both preceded and followed by sections governing materialmen's liens, but is not made dependent on the assertion of a lien. *Henry A. Petter Supply Co. v. Hal Perry Construction Co.,* Ky.App., 563 S.W.2d 749 (1978). *Commonwealth of Ky. for the Benefit of United Pacific Ins. Co. v. Laurel County,* 805 F.2d 628 (6th Cir.1986). It creates a legal obligation on the contractor to pay in full all claims for material and labor out of the sum received on the primary contract, and if the amount received by the contractor is insufficient to pay all claims, they must be paid on a pro rata basis. *Blanton v. Commonwealth,* Ky.App., 562 S.W.2d 90 (1978). In addition, KRS 376.990 imposes a fine and imprisonment for a violation of KRS 376.070, but no such criminal liability may be imposed where an amount is disputed in good faith. *Blanton, supra.*

It also appears that Wehr is responsible for labor and materials furnished by J & D and Vulcraft, pursuant to the terms of Wehr's performance bond to the WPJC. Under this bond, Safeco Insurance Company was named surety for the construction of the courthouse. In relevant part, it provides:

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH. That if the Principal shall promptly make payments to all Claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A Claimant is defined as one having a direct Contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

The performance bond creates a third party beneficiary relationship between Wehr and those, like J & D and Vulcraft, who contracted with Wehr's subcontractor, Steel Fab. *Henry A. Petter, supra.* This particular bond required that a claimant must give written notice to any two of the following: the WPJC, Wehr, or Safeco, within 90 days of the last day in which the work was performed or materials furnished, stating the amount claimed, and for whom the work or materials were provided. A failure to provide the notice precludes a claimant from bringing an action to enforce the bond. Since Wehr and Safeco do not dispute that this notice was received, we hold that J & D and Vulcraft are third party beneficiaries under the bond.

Although we have held that J & D and Vulcraft are entitled to payment under the statute and under the performance bond, J & D and Vulcraft also claim compensation under a document entitled *General Condition of the Contract for Construction,* which states that "the contractor shall provide and pay for all labor, materials, equipment, tools ... and services necessary for the proper execution and completion of the work ..." This contract itself arguably may create a third party beneficiary relationship. *Henry A. Petter, supra.*

J & D and Vulcraft's remaining arguments are merely restatements of their first in that they argue that they were entitled to a jury instruction based on the performance bond and contract. Moreover, as a result of the foregoing, this Court need not address J & D's and Vulcraft's implied contract argument.

The judgment of the Warren Circuit Court is reversed in part and remanded with directions to enter judgment against Wehr and Safeco for amounts due for labor and material furnished by J & D and Vulcraft. In all other respects, the judgment is affirmed.

HOWERTON, Chief Judge, concurs.

DUNN, Special Judge, concurs in result only.